IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER DRUMMOND,
    Plaintiff,

vs.                                                                             Case No.: 3:19cv1718/LAC/EMT

MARK S. INCH, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983, and a motion to proceed in forma pauperis (ECF Nos. 1, 2). By order of this court dated June 27, 2019, leave to proceed in forma pauperis ("IFP") was denied because Plaintiff failed to file the IFP motion on the court-approved form for use by prisoners in the Northern District of Florida. In the order denying the IFP motion, the clerk was directed to send Plaintiff the correct form (ECF No. 4). On five (5) more occasions, Plaintiff was denied leave to proceed IFP because he did not provide the appropriate documentation in order for the court to decide whether he would be approved for leave to proceed IFP—specifically, the prisoner consent form executed by a prison official and a printout of his prison account activity for six months

proceeding the filing of the complaint (*see* ECF Nos. 7, 9, 10, 11, 16, 17, 19, 20, 22, 23).

Plaintiff was last given until December 26, 2019, in which to comply. When he failed to do so, the court entered an order noting Plaintiff had once again failed to provide the requisite documentation in support of his motion to proceed IFP (ECF No. 23). The court directed Plaintiff to show cause within thirty days why the matter should not be dismissed for failure to comply with an order of the court. Plaintiff responded to the show cause order but fell far short of demonstrating good cause for his failure to comply with the court's orders; in fact, he did not address his failure to comply, complaining instead of the court's "'prejudic[ial]'" references to "'complaint,'" "'plaintiff,'" "'Plaintiff, an inmate proceeding Pro Se,'" and "'prisoner-plaintiff,'" and requesting that this court refrain from using such terms in its orders, noting that he is instead a "Victim" or "Pro se Victim" and should be referred to as such (*see* ECF No. 24 at 2–3).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** for Plaintiff's repeated failure to comply with an order of the court.
2. That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of January 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.